**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CARL A. WESCOTT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 23-cv-16178 |
| ) | |
| UNITED AIRLINES, INC., ) | |
| ) | Honorable Judge Lindsay C. Jenkins |
| Defendant. ) | |

**DEFENDANT UNITED AIRLINES, INC.'S RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF'S VERIFIED COMPLAINT**

NOW COMES the Defendant, UNITED AIRLINES, INC. ("United"), by and through its attorneys, KMA ZUCKERT LLC, and for its Rule 12(b)(6) Motion to Dismiss Plaintiff's Verified Complaint, states as follows:

i

## INTRODUCTION

Plaintiff's Complaint should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) because Plaintiff has not stated any plausible claim upon which relief can be granted. Plaintiff alleges that he was removed from a United Airlines flight on June 26, 2021, for which he brings claims for breach of contract, breach of the implied covenant of good faith and fair dealing, false light, promissory estoppel, negligence, and violation of 14 C.F.R. § 250. Plaintiff also brings a negligence claim alleging that United allowed a third party to commit wrongful acts against him. These claims are meritless for several reasons. First, Plaintiff's claims for false light and negligence are time-barred by the applicable statute of limitations. Second, Plaintiff's state law claims are preempted by the Airline Deregulation Act and the Federal Aviation Act. Next, Plaintiff's breach of contract claim is precluded by United's Contract of Carriage. Lastly, Plaintiff failed to plead a viable claim in any of the remaining causes of action.

## SUMMARY OF RELEVANT FACTUAL ALLEGATIONS

Plaintiff, Carl Wescott, alleges he was traveling on a United Airlines flight on June 26, 2021 during the height of the COVID-19 pandemic, with service from San Francisco to Phoenix. *See* ECF 1, Plaintiff's Verified Complaint, ¶ 17. Plaintiff alleges that, prior to takeoff, United removed him from the flight with no explanation ("the First Flight"). ECF 1 at ¶¶ 17-22. Plaintiff alleges that United rebooked him on a new flight, but subsequently cancelled the ticket, refused to transport him on that flight, and informed him he was banned ("the Second Flight") (collectively referred to with the First Flight as "the Flights").[1] ECF 1 at ¶¶ 31-36.

---

[1] In his Complaint, Plaintiff mischaracterizes these instances as "bumpings" pursuant to 14 C.F.R § 250.5(a)(3), a federal regulation that governs oversales in air travel. Plaintiff does not allege that the flights were oversold, rendering 14 C.F.R § 250 inapplicable.

1

Plaintiff admits that while onboard the First Flight, his face mask was improperly fashioned below his nose on two separate occasions. ECF 1 at ¶¶ 18, 46-49, Plaintiff's Exhibit A to the Complaint at 27-29. On both occasions, a flight attendant noted Plaintiff's non-compliance and instructed Plaintiff to fully cover his nose. *Id.* at ¶ 18, Compl. Ex. A at 27. Once the aircraft began taxiing, Plaintiff "made a joke" to the flight attendant, seemingly related to mask compliance. ECF 1 at ¶ 19, Compl. Ex. A at 27. Minutes later, the aircraft turned around and returned to the gate, and Plaintiff was removed from the aircraft. ECF 1 at ¶¶ 21-22. Despite alleging that United inexplicably removed him from the Flights, Plaintiff admits that United informed him he was removed for the two mask violations and because someone had complained about Plaintiff. ECF 1 at ¶¶ 31-32, 44-47. Further, Plaintiff acknowledges that United also believed he was acting strangely on the Flights (regardless of the fact that Plaintiff denies he was acting strangely) and contemplates that United may have been informed, and therefore believed, that Plaintiff tried to open the emergency door to escape the aircraft and asked for a parachute to jump out of the aircraft. ECF 1 at ¶¶ 23-24, Ex. E to Plaintiff's Complaint at ¶¶ 46-53.

United's Contract of Carriage governed the parties' relationship and the Flights at issue. Plaintiff refers to the Contract of Carriage in his Complaint, which is central to his breach of contract claim, but did not attach a copy. ECF 1 at ¶ 98. United therefore attaches a true and correct copy of United's Contract of Carriage that was in effect on June 26, 2021, as Exhibit A.[2]

Rule 5(B) of the Contract of Carriage provides that United has the right to cancel a passenger's reservations due to the passenger's failure to comply with the rules set forth in the Contract of Carriage. Ex. A at 10. When a reservation is canceled pursuant to Rule 5(B), United is not liable for any consequential, compensatory, or other damages. *Id.*

---

[2] A court may consider documents attached to a 12(b)(6) motion where documents are referred to and central to the complaint. *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687 (7th Cir. 2012).

Similarly, Rule 21(H) of the Contract of Carriage provides United the right to refuse to transport a passenger, whether on a permanent or temporary basis, and the right to remove a passenger from the aircraft *at any point*, when the refusal or removal of the passenger may be necessary for the safety of the passenger, other passengers, or the crew. Ex. A at 19-20. Specifically, United has the right to refuse or remove passengers who fail to comply with the instructions of the flight crew, who refuse to wear a face mask while onboard flights, and who fail to comply with the terms of United's Contract of Carriage. Ex. A at 19-21, Rule 21 (A), (H)(2), (20). Significantly, Rule 21(J) provides that United is not liable for the removal of or refusal to transport a passenger under such circumstances. Ex. A at 21. A passenger's sole remedy for removal under Rule 21 is a refund for the amount of the fare and charges of an unused ticket, provided the request for such a refund was made prior to the expiration of the ticket. Ex. A at 21, 39-40, Rule 21(J) and Rule 27(A)(1)(c).

Addressed more fully below, Plaintiff also alleges that he has experienced safety and security issues with the "the Bob Block criminal gang," a criminal gang who follows Plaintiff around the world as he travels and commits various crimes against him. ECF 1 at ¶¶ 64-71.

## LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to assert a motion to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). An alleged claim must be facially plausible, meaning that the pleadings must allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Kloss v. Acuant, Inc.*, 462 F. Supp. 3d 873, 876 (N.D. Ill. 2020). The dismissal of Plaintiff's Complaint is proper under Rule 12(b)(6) for the reasons set forth below.[3]

---

[3]*See Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005) (dismissal under Rule 12(b)(6) based on statute of limitations for a claim that is time-barred is proper); *Kreith v. Am. Airlines, Inc.*, No. 20 C 1593, 2021 WL

**ARGUMENT**

I.     **Counts III and V are Barred by the Applicable Statute of Limitations.**

Counts III and V of Plaintiff's Complaint should be dismissed because they are time-barred by the applicable statute of limitations. Dismissal under Rule 12(b)(6) is proper when the plaintiff effectively pleads himself out of court by alleging facts that are sufficient to satisfy a statute of limitations defense. *O'Pere v. Citimortgage Bank, N.A.*, No. 14-CV-10230, 2015 WL 6859289, at *2 (N.D. Ill. Nov. 9, 2015). When "the relevant dates are set forth unambiguously in the complaint," it is appropriate to consider the statute of limitations on a motion to dismiss. *Id.*

First, Count III of Plaintiff's Complaint alleges that United is liable for the tort of false light. Ex. A at ¶ 106-110. In Illinois, actions for false light must be commenced within one year of the accrual of the cause of action. 735 ILCS 5/13-201; *Ludlow v. Nw. Univ.*, 79 F. Supp. 3d 824, 842 (N.D. Ill. 2015). Plaintiff alleges, unambiguously, that United publicly portrayed him in a false light on June 26, 2021, by removing him from the First and Second Flights. ECF 1 at ¶¶ 17, 106-110. Plaintiff's cause of action for false light therefore accrued on June 26, 2021, and the statute of limitations for this claim expired on June 26, 2022. However, Plaintiff did not file his Complaint until November 21, 2023, and it is therefore time-barred. ECF 1.

Next, Count V of Plaintiff's Complaint alleges negligence against United. ECF 1 at ¶¶ 117-124. In Illinois, actions for personal injury, including non-physical injuries such as emotional distress, must be commenced within two years of the accrual of the cause of action. 735 ILCS 5/13-202; *Pavlik v. Kornhaber*, 326 Ill. App. 3d 731, 744 (1st Dist. 2001). The two-year limit begins on the date the injury occurred. *See Hyon Waste Mgmt. Servs., Inc. v. City of Chi.*, 214 Ill.

---

780716, *5 (N.D. Ill. Mar. 1, 2021) (dismissing claim with prejudice pursuant to Rule 12(b)(6) because it was preempted by the ADA); *Hughes v. Sw. Airlines Co.*, No. 18 C 5315, 2019 WL 1375927, at *3 (N.D. Ill. Mar. 26, 2019) (dismissing breach of contract claim under Rule 12(b)(6) because defendant did not plead breach of any contractual duty under defendant's contract of carriage).

4

App. 3d 757, 762 (1st Dist. 1991). In Count V, Plaintiff alleges that he suffered from emotional distress when he was removed from the Flights on June 26, 2021. ECF 1 at ¶¶ 17, 124. Thus, Plaintiff's cause of action for negligence accrued on June 26, 2021, and the statute of limitations in which Plaintiff could file a claim ended on June 26, 2023. Because Plaintiff did not file his Complaint until November 21, 2023, his negligence claim is time-barred. ECF 1.

Last, Plaintiff previously brought identical claims for false light and negligence against United in this Court, arising out of the same operative facts, on January 21, 2022.[4] Pl.'s Compl. at ¶¶ 19-24, 29-30, 91-94, *Wescott v. United Airlines, et al.*, No. 1:22-cv-00442 (N.D. Ill. Jan. 21, 2022), attached as Exhibit B. Plaintiff voluntarily dismissed that Complaint against United on October 12, 2022. Notice of Vol. Dismissal at 1, *Wescott*, No. 1:22-cv-00442, attached as Exhibit C. Under Illinois law, Plaintiff had either one year after voluntary dismissal or the remaining statute of limitations period to refile his claim, whichever is greater. 735 ILCS 5/13-217; *see Mixan v. Greenbaum*, No. 19-CV-05399, 2023 WL 5277875, *9 (N.D. Ill. Aug. 16, 2023). The time frame for the one-year period for Plaintiff to refile his Complaint expired on October 12, 2023. Accordingly, Plaintiff cannot take advantage of this rule, and both his false light and negligence claims are time-barred and should be dismissed with prejudice.

## II. Counts I, II, III, and IV[5] Are Preempted by Federal Law.

### A. The Airline Deregulation Act Preempts Plaintiff's State Law Claims.

Plaintiff's state law claims in Counts I, II, III and IV should be dismissed because they are entirely preempted by the Airline Deregulation Act ("ADA"). In 1978, Congress enacted the ADA, which "largely deregulated domestic air transport." *Am. Airlines, Inc. v. Wolens*, 513 U.S. 219,

---

[4] *See Burton*, 961 F.3d at 965 (public records from previous litigation properly considered under 12(b)(6)).
[5] The fourth cause of action enumerated in Plaintiff's Verified Complaint is labeled as Count VI, rather than Count IV. For clarity, United refers to the fourth cause of action as Count IV throughout this Motion.

5

222 (1995). To ensure that States would not undo federal deregulation with their own regulations, Congress included an express preemption clause in the ADA, which provides that states "may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier…." 49 U.S.C.A. § 41713(b)(1); *see Chrissafis v. Cont'l Airlines, Inc.*, 940 F. Supp. 1292, 1296 (N.D. Ill. 1996).

The preemption provision is broad and applies to any state law claim "having some 'connection with or reference to' airline rates, routes, or *services*.'" *Id.* (quoting *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 384 (1992)) (emphasis added in original). Virtually every claim arising under state law, including common law torts, statutory claims, and quasi-contractual claims—like those alleged by Plaintiff in Counts I through IV—have been held preempted so long as the claim relates to an airline's prices, routes or services.[6]

Notwithstanding this general rule regarding ADA preemption, the U.S. Supreme Court has articulated a narrow exception—known as the *Wolens* exception—in the context of breach of contract claims, recognizing that the ADA does not "shelter airlines from suits...seeking recovery solely for the airline's alleged breach of its own, self-imposed undertakings." *Wolens*, 513 U.S. at 228. A breach of contract claim can only survive ADA preemption if it does not require "enlargement or enhancement" of the contract "based on state laws or policies external to the agreement." *Id.* at 233; *Costello v. BeavEx, Inc.*, 810 F.3d 1045, 1052 (7th Cir. 2016).

The crux of each of Plaintiff's claims in Counts I through IV is identical—Plaintiff seeks recovery from United under state law for his removal from the First Flight and United's refusal to transport him on the Second Flight. ECF 1 at ¶¶ 98, 104, 107, 112-115. This conduct undoubtedly

---

[6] *See, e.g., Northwest, Inc. v. Ginsberg*, 572 U.S. 273, 288 (2014) (ADA preempts claims for breach of the implied covenant of good faith and fair dealing); *Kreith*, 2021 WL 780716, *5 (ADA preempts breach of contract claim); *Wright v. Nordam Grp., Inc.*, No. 07-cv-0699-CVE-PJC, 2008 WL 802986, at *3 (N.D. Okla. Mar. 20, 2008) (ADA preempts claims for false light).

relates to the airline's "service" and falls within the ambit of the ADA's preemption provision. *See Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1434 (7th Cir. 1996) (concluding that tort claims "based on the airline's refusal to transport passengers…clearly 'relate to' the airline's provision of services"); *Kreith*, 2021 WL 780716, *5 (holding that state law claim related to a "service" under the ADA because it was based, in part, on the airline's decision to remove the plaintiff from the airplane and refusal to rebook him).

Even further, Plaintiff's claims are preempted because it is clear from the face of Plaintiff's Complaint that he was removed from the Flights for safety reasons, specifically, for Plaintiff's repeated failure to follow United's masking procedures during the COVID-19 pandemic, among other things. *See* ECF 1 at ¶¶ 18-19, 31-32, 44-49. Indeed, courts have concluded that claims stemming from an airline's enforcement of a masking requirement and removal from flights for failure to comply with the same fall under the "services" of the airline and are thus precluded under the ADA.[7] Accordingly, Counts I through IV should be dismissed with prejudice.

        1.      <u>The Breach of Contract Claim Does Not Fall Within the *Wolens* Exception.</u>

Plaintiff's breach of contract claim would only survive preemption if it fell within the narrow contours of the *Wolens* exception, and it does not. To avail himself of this exception, Plaintiff would need to assert that United breached its own, self-imposed undertakings in the relevant contract, with "no enlargement or enhancement based on state laws or policies external to the agreement." *Wolens*, 513 U.S. at 233. In Count I, Plaintiff correctly identifies that the Contract of Carriage governs the parties' relationship and the Flights, but Plaintiff does not plead a "self-

---

[7]*See e.g.*, *Montgomery v. Delta Air Lines, Inc.*, No. 22-10692, 2023 WL 2400743, at *5 (5th Cir. Mar. 8, 2023) (an airline's decision not to provide transportation to the plaintiffs who refused to wear a mask was enough for the court to hold that the ADA preempts their claims); *Seklecki v. CDC*, 635 F. Supp. 3d 15, 19, 23-25 (D. Mass. Oct. 12, 2022) (finding that the plaintiff's state law claims against an airline, that required passengers to wear masks during the COVID-19 pandemic, were preempted by the ADA).

imposed undertaking" that United breached. In fact, not a single allegation in Plaintiff's Complaint identifies or seeks to enforce a provision of the Contract of Carriage. *See generally* ECF 1.

Moreover, as explained above, the Contract of Carriage expressly states that United is not liable for the refusal to transport passengers under circumstances at issue here, and the types of damages sought in Count I of Plaintiff's Complaint are disallowed under United's Contract of Carriage. *See* ECF 1 at ¶ 101; Ex. A at 9, Rule 3(I), 10-11, Rule 5(A), (F), 44, Rule 28(H). Thus, Plaintiff's breach of contract claim seeks to "enlarge or enhance" United's contractual obligations. Here, Plaintiff even pleads that the damages he seeks would enhance United's alleged contractual liability. ECF 1 at ¶¶ 72-89, Exhibit F to Plaintiff's Complaint at 45. Accordingly, Count I does not fall within the *Wolens* exception and should be dismissed with prejudice. *See Breitling U.S.A., Inc. v. Fed. Exp. Corp.*, 45 F. Supp. 2d 179, 186 (D. Conn. 1999) (breach of contract claims preempted because plaintiff sought to use common law principles and disregarded the language of the contract to remove the limitations on defendant's liability).

**B.    The Federal Aviation Act Preempts Plaintiff's State Law Claims.**

Plaintiff's state law claims in Counts I through IV are also preempted by the Federal Aviation Act ("FAA"), specifically 49 U.S.C. § 44902. Although the FAA does not contain an express preemption clause, most courts, including the Northern District of Illinois, have held that the FAA and regulations promulgated by the Federal Aviation Administration impliedly preempt state regulation of airline safety, including when an airline is authorized to remove someone from a flight. *See, e.g., Int'l Aerobatics Club Chapter 1 v. City of Morris*, 76 F. Supp. 3d 767, 781 (N.D. Ill. 2014); *Montalvo v. Spirit Airlines*, 508 F.3d 464, 474 (9th Cir. 2007); *Register v. United Airlines, Inc.*, 16-CV-2480 W (BGS), 2017 WL 784288, at *2 (S.D. Cal. Mar. 1, 2017).

8

Specifically, the FAA grants an air carrier broad discretion to remove a passenger from a flight if the carrier decides that passenger is, or might be, inimical to safety. 49 U.S.C. § 44902(b).

In *Register*, the plaintiff filed suit against United for various state law claims arising out of his removal from a flight. 2017 WL 784288, at *1. The plaintiff alleged that the captain turned the plane around to address a "situation," and the plaintiff was removed. *Id.* United moved for judgment on the pleadings arguing, in part, that the plaintiff's state law claims were preempted by 49 U.S.C. § 44902. *Id.* at *2. In response, the plaintiff argued that preemption was premature because the complaint did not allege that he was removed from the plane for safety reasons. *Id.* at *3. The court rejected this argument and stated that analyzing a decision to divert an aircraft because of a "situation" onboard, perceived from the perspective of the flight deck, necessitates an inquiry into the federally occupied field of flight safety, and the circumstances under which an air carrier may remove a passenger for safety reasons. *Id.*; 49 U.S.C. § 44902(b). The court held that the plaintiff's state law claims were preempted by the FAA and dismissed without leave to amend. *Id.*

In this case, just as in *Register*, Plaintiff's state law causes of action are based on his removal from the Flights. ECF 1 at ¶¶ 98, 104, 107, 112-115; *see also id.* at ¶¶ 18-19, 31-32, 44-49. The safety of the flight was at issue, and Plaintiff's non-compliance and disregard for the masking requirements was the basis for United's removal and refusal to transport Plaintiff on the Flights. Because Plaintiff's state law claims fit squarely within the field of airline safety covered by 49 U.S.C. § 44902 (b), they are preempted, and should be dismissed with prejudice.

**III.** **United's Contract of Carriage Precludes Plaintiff from Recovery in Count I.**

Count I of Plaintiff's Complaint alleges that United "breached its contracts of common carriage" by removing him from the Flights. ECF 1 at ¶ 98. However, Plaintiff does not and cannot

9

plead that United breached any term of the Contract of Carriage; the Contract of Carriage precludes Plaintiff from recovery because United was permitted to remove him from the Flights and cancel his tickets.

United's Contract of Carriage is the exclusive controlling contract in this matter. It is well-established that a passenger enters a contract for carriage with a carrier when the passenger offers himself to ride on the carrier's transportation and the carrier accepts by carrying the passenger to the agreed-upon destination for a designated fare. *Howard v. Chi. Transit Authority*, 402 Ill. App. 3d 455, 458 (1st Dist. 2010). Indeed, Plaintiff alleges that United's Contract of Carriage governs his claim. ECF 1 at ¶¶ 98, 104. Plaintiff's breach of contract claims are confined to the terms of the parties' bargain, "with no enlargement or enhancement based on state laws or policies external to the agreement." *Wolens*, 513 U.S. at 233. The Contract of Carriage, together with Plaintiff's ticket, exclusively and conclusively govern the rights and liabilities between Plaintiff and United. 14 C.F.R. § 253.4; *see C&K Nuco, LLC v. Expedited Freightways, LLC*, No. 13 CV 04006, 2016 WL 3364766, *7 (N.D. Ill. June 17, 2016); *see also* Ex. A at 1.

Here, Plaintiff alleges that United breached the Contract of Carriage by removing Plaintiff from the Flights. ECF 1 at ¶¶ 97-101, Compl. Ex. A at 27-29. Plaintiff seeks "significant consequential damages" for the alleged breach, including travel expenses. ECF 1 at ¶ 101. However, an examination of the Contract of Carriage undeniably precludes Plaintiff from recovery because United did not breach any contractual terms of the agreement and the types of damages Plaintiff seeks for breach of contract are not recoverable. *Hughes*, 2019 WL 1375927, at *3; *Miller v. Delta Air Lines, Inc.*, No. 4:11-CV-10099-JLK, 2012 WL 1155138, at *4 (S.D. Fla. Apr. 5, 2012); *Martin v. United Airlines, Inc.*, No. CV-16-1042-F, 2017 WL 3687347, at *6 (W.D. Okla. Apr. 18, 2017), *aff'd*, 727 Fed. Appx. 459 (10th Cir. 2018).

As Plaintiff's allegations show, United removed and refused to transport Plaintiff on the Flights for safety reasons; specifically, he alleges he was removed because of his failure to comply with the flight crew's instruction and masking rules (not once, but twice) and for a "joke," or other strange behavior, that made passengers and/or crew uncomfortable. ECF 1 at ¶¶ 18-19, 23-24, 31-32, 44-49, Compl. Ex. A at 27-29, Compl. Ex. E at ¶¶ 46-53. The Contract of Carriage explicitly provides that United is not liable for such a removal, refusal to transport, and cancellation. Ex. A at 10, Rule 5(B), 21, Rule 21(J). Accordingly, there is no question that United performed its contractual obligations and acted in accordance with Rules 5 and 21 of the Contract of Carriage when it removed Plaintiff from the Flights. Plaintiff has not, and cannot, allege that United breached any contractual term agreed upon in the Contract of Carriage.

Moreover, the Contract of Carriage unequivocally disallows any consequential, compensatory, or other damages when a passenger is refused transport under Rules 5 and/or 21. *Id.* Thus, Plaintiff is not entitled to the "significant compensatory damages" or the travel expenses he seeks in his breach of contract claim. The only remedy available to a passenger removed pursuant to Rule 21, provided no portion of the ticket was used and the passenger made a timely request, is an amount equal to the fare and charges paid. Ex. A at 39-40. Significantly, Plaintiff has not alleged any facts suggesting that he was eligible for a refund or that he timely requested a refund. *See generally* ECF 1. Accordingly, Plaintiff has not alleged a viable claim for breach of contract and Count I should be dismissed with prejudice.

**IV.   Plaintiff Has Failed to State a Plausible Claim Upon Which Relief Can Be Granted.**

    **A.   The Breach of the Implied Covenant of Good Faith and Fair Dealing Claim Should Be Dismissed.**

Count II is brought in the alternative and alleges that, if United did not breach its Contract of Carriage, United breached the implied covenant of good faith and fair dealing when United

11

removed Plaintiff from the Flights. ECF 1 at ¶ 104. In Illinois, every contract contains an implied covenant of good faith and fair dealing. *City of Rockford v. Mallinckrodt ARD, Inc.*, 360 F. Supp. 3d 730, 768 (N.D. Ill. 2019). However, the covenant of good faith and fair dealing "does not create an independent cause of action" under Illinois law, nor can it be used to contradict the express terms in a contract. *Id.* at 769. Rather, a plaintiff can plead breach of the implied covenant as a theory for a breach of contract claim—and not as a separate, independent cause of action—in situations where it is being used as a "gap-filler" because a contract is otherwise silent on how the parties are to perform certain terms of the contract. *Id.*

Plaintiff does not allege an implied covenant as a theory of his breach of contract claim, he specifically pleads in the alternative to his claim as an independent cause of action. ECF 1 at ¶¶ 102-105. For this reason alone, Count II should be dismissed. *See id.* Moreover, even if Count II was brought in connection with his breach of contract claim, dismissal would still be proper because the allegations lack reference to any contractual term that discusses United's discretion to remove and refuse to transport passengers. *Id.* Accordingly, Count II should be dismissed.[8]

**B.    Plaintiff's False Light Claim Should Be Dismissed.**

Plaintiff's claim for false light is time-barred by the applicable statute of limitations. *See* Section I, *supra*. In addition, the false claim is subject to dismissal because Plaintiff has not alleged that the defendant acted with actual malice. *Basile v. Prometheus Glob. Media*, 225 F. Supp. 3d 737, 744 (N.D. Ill. 2016). To demonstrate "actual malice," Plaintiff must allege that United made false statements with either knowledge of or reckless disregard for their falsity. *Osundairo v. Geragos*, 447 F. Supp. 3d 727, 742 (N.D. Ill. 2020). Plaintiff does not plead any facts that United

---

[8] Count II should be dismissed without leave to amend because even if Plaintiff brought a proper claim for breach of the implied covenant in connection with his breach of contract claim, it would be precluded by United's Contract of Carriage for the same reasons set forth in Section III, *supra*.

12

acted with actual malice. ECF 1 at ¶¶ 106-110. To the contrary, Plaintiff admits that he had two mask violations and agrees that United might have been informed that Plaintiff was exhibiting strange behavior on the Flights. ECF 1 at ¶¶ 23-24, Compl. Ex. E at ¶¶ 46-53. Tellingly, Plaintiff alleges that he does not believe United "would just make up false allegations." ECF 1 at ¶ 24. Count III should be dismissed with prejudice.

>   **C.    Plaintiff's Promissory Estoppel Claim Should Also Be Dismissed.**

Plaintiff brings a claim for promissory estoppel in Count IV of his Complaint, alleging that United promised Plaintiff would be rebooked on another flight after his removal from the First Flight. ECF 1 at ¶¶ 113, 115. Promissory estoppel provides relief where a promise "would be unenforceable under conventional principles of contract law." *Song v. PIL, L.L.C.*, 640 F. Supp. 2d 1011, 1016 (N.D. Ill. 2009). Where "an express contract *governing the relationship out of which the promise emerged*, and no issue of consideration," promissory estoppel is inapplicable. *Id.* (emphasis added). Plaintiff agrees that he entered into a contract with United (the Contract of Carriage). ECF 1 at ¶¶ 98, 104. Plaintiff's promissory estoppel claim is based on the same subject matter as Plaintiff's claims for breach of contract and should be dismissed with prejudice. *Song*, 640 F. Supp. 2d at 1017 (dismissing claim for promissory estoppel with prejudice because a valid contract existed, and the wrongful conduct alleged by plaintiff did not fall outside of the contract).

>   **D.    Counts V and VI[9] Should Be Dismissed Because Plaintiff Does Not Plead that the Flights were Oversold.**

Plaintiff's negligence claim in Count V is time-barred by the applicable statute of limitations as set forth in Section I, *supra*. However, even if Count V was not, Plaintiff did not plead a viable claim for negligence or a viable claim under 14 C.F.R. § 250 in Count VI. Plaintiff

---

[9] The sixth cause of action enumerated in Plaintiff's Verified Complaint is labeled as Count IV, rather than Count VI. For clarity, United refers to the sixth cause of action as Count VI throughout this Motion.

13

alleges in Count V of his Complaint that United "failed to meet the federal standard of care" of Section 425(e) of the FAA Reauthorization Act of 2018 ("the Act") by removing him from the First Flight and subsequently refusing to transport him on the Second Flight. ECF 1 at ¶¶ 118-122. However, Section 425(e) of the Act provides for the compensation of passengers who are "voluntarily or involuntarily denied boarding on an *oversold* flight." FAA Reauthorization Act of 2018, Pub. L. 115-254, § 425(e) 132 Stat. 3186, 3338-39 (2018) (emphasis added). Similarly, Count VI of Plaintiff's Complaint alleges that United "failed to meet the federal standard of care" found in 14 C.F.R. § 250 regarding the compensation for passengers involuntarily denied boarding. ECF 1 at ¶¶ 128-132. While Plaintiff does not cite to any specific provision or section of 14 C.F.R. § 250, Part 250 is titled "*Oversales*," and its provisions relate specifically to *oversold* flights. *See* 14 C.F.R. §§ 250.2a, 250.5, 250.6 (emphasis added).

Nowhere in Plaintiff's Complaint does Plaintiff allege that either the First or Second Flights were oversold, nor that this was the reason for his removal from the Flights. *See generally* ECF 1. Rather, Plaintiff pleads facts indicating that he was removed for safety reasons, as set forth fully herein. Thus, Plaintiff has not pled a cognizable claim in Counts V or VI, and they therefore should be dismissed without leave to amend.

      **E.**    **Plaintiff's Negligence Claim for "Security Lapses" Should Be Dismissed.**

Lastly, Plaintiff's claim for alleged "security lapses" in Count VII should be dismissed because Plaintiff does not state a plausible claim for relief. To survive a Rule 12(b)(6) motion, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged and is more than merely conceivable or speculative. *Id.*; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, (2007).

Plaintiff alleges that United "failed to meet the federal standard of care for the Plaintiffs safety and security" by "allowing" members of the "Bob Block criminal gang" to access his United account and flight information and steal his possessions and luggage. ECF 1 at ¶¶ 141-146. Here, Plaintiff makes a conclusory allegation that a federal standard of care applies but does not allege *what* that federal standard of care is or any federal regulations that purportedly govern this claim.[10] *See* ECF 1 at ¶¶ 138-152. Thus, Plaintiff has not provided United with fair notice of the claim against it and the basis of the claim. *See Kloss*, 462 F. Supp. 3d at 876. Moreover, while Plaintiff alleges colorful details regarding the many ways the members of the Bob Block criminal gang have wronged him, Plaintiff does not allege a single fact illuminating how United's conduct "allowed" these wrongdoings. *See generally* ECF 1. Plaintiff's Complaint is wholly devoid of any factual content that would allow this Court to draw the reasonable inference that United owed Plaintiff a federal duty of care for the alleged security lapses, or that United breached the purported duty of care. Count VII must therefore be dismissed without leave to amend.

## CONCLUSION

For the foregoing reasons, the entirety of Plaintiff's Verified Complaint should be dismissed with prejudice pursuant to Rule 12(b)(6) without leave to amend.

---

[10] Plaintiff vaguely suggests that the federal duty of care for Plaintiff's negligence claim in Count VII lies within 14 C.F.R. § 250. If that is the case, then Plaintiff's claim fails on its face because as explained at length in Section IV(D) *supra*, that regulation governs oversold flights and is inapplicable to Plaintiff's claims. Moreover, 14 C.F.R. § 250 does not govern security issues, particularly the type alleged.

15

Dated: March 25, 2024

Respectfully submitted,

KMA ZUCKERT LLC

*s/ Telly Andrews*
Telly Andrews (ARDC: 6242431)
Rachel S. Nevarez (ARDC: 6304120)
Kelly N. Flavin (ARDC: 6325621)
KMA ZUCKERT LLC
200 W. Madison Street, 16th Floor
Chicago, IL 60606
Tel: (312) 345-3000
tandrews@kmazuckert.com
rnevarez@kmazuckert.com
kflavin@kmazuckert.com

Attorneys for UNITED AIRLINES, INC.

## CERTIFICATE OF SERVICE

      I hereby certify that on March 25, 2024, I electronically filed the foregoing **Defendant United Airlines, Inc.'s Rule 12(b)(6) Motion to Dismiss Plaintiff's Verified Complaint,** with the Clerk of the Court through CM/ECF and to be served upon all parties of record by filing the same with the CM/ECF system.

                                                      */s/ Kelly N. Flavin*
                                                      Kelly N. Flavin